UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHADLEN DeWAYNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>JAKOB BROOKS; C.O. BURNS; C.O. SCHULLER; CPL. TRANA; L. ROBBINS; LINDA SVANCARA; DAVID WRIGHT; and R. MARTINEZ,<br><br>Defendants. | Case No. 1:16-cv-00466-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Robbins and Svancara's Motion for Summary Judgment (Dkt. 56) as well as Defendants Brooks, Burns, Schuler, Martinez, Trana, and Wright's Motion for Summary Judgement (Dkt. 60). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT both Motions.

## II. BACKGROUND

Chadlen DeWayne Smith is an inmate incarcerated by the Idaho Department of Correction ("IDOC"). On October 17, 2016, Smith filed the instant *pro se* Complaint

alleging various violations of 42 U.S.C. § 1983. Dkt. 3. In his Complaint, Smith alleges that Defendants Brooks, Burns, Schuller, and Trana violated his Eighth Amendment rights by using excessive force to restrain him during a prison altercation on October 24, 2014. Smith alleges that Defendants Svancara and Robbins violated his Eighth Amendment rights by failing to adequately evaluate and treat the injuries he sustained on October 24, 2014. Smith also alleges that Defendants Martinez and Wright violated his First Amendment rights by opening, reading, and photocopying his legal mail outside of his presence.

On February 3, 2017, United States Magistrate Judge Ronald E. Bush issued an Initial Review Order permitting Smith to proceed on his (1) Eighth Amendment excessive force claims against Defendants Brooks, Burns, Schuller, and Trana; (2) Eighth Amendment medical treatment claims against Defendants Svancara and Robbins; and (3) interference with mail claims against Defendants Martinez and Wright. Dkt. 14.

Defendants Robbins and Svancara moved for summary judgement on April 16, 2018 (Dkt. 56), and Defendants Brooks, Burns, Schuler, Martinez, Trana, and Wright moved for summary judgement on October 5, 2018 (Dkt. 60).

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In

considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. DISCUSSION

Before addressing the motions for summary judgment, the Court must discuss one procedural issue and Smith's four pending motions.

### A. *Williams v. King*

Smith's case was initially assigned to United States Magistrate Judge Bush for disposition. Dkt. 6. Smith subsequently consented to the case's assignment to this Court. Dkt. 10. In his Initial Review Order (Dkt. 14), Judge Bush determined that Smith

> may proceed on his (1) Eighth Amendment excessive force claims against Defendants Brooks, Burns, Schuller, and Trana; (2) Eighth Amendment medical treatment claims against Defendants Svancara and Robbins; and (3) interference with mail claims against Defendants Martinez and Wright. *Plaintiff may not proceed on any other claims against any other Defendant at this time.*

MEMORANDUM DECISION AND ORDER - 3

Dkt. 14, at 15 (emphasis added). Because Smith—the only party who appeared in this action at that time—had consented to magistrate judge jurisdiction, Judge Bush's decision as to which claims survived and which did not was appropriate under this Court's then-existing precedent. *See Kelly v. Rolland*, No. 1:16-CV-00149-CWD, 2016 WL 3349222, at \*1 (D. Idaho June 14, 2016) (citing *United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998), and *Walters v. Astrue*, 2008 WL 618933 (N.D. Cal. 2008)). The Ninth Circuit has since held, however, that a United States Magistrate Judge lacks the authority to dismiss a complaint unless all *named* parties have consented—even unserved defendants. *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017).

In accordance with *Williams*, the undersigned judge has independently reviewed Smith's Complaint, as well as Judge Bush's Initial Review Order. Although that review has been *de novo*, the Court agrees with, and adopts, Judge Bush's analysis and conclusions in their entirety. Therefore, only the claims identified by Judge Bush in the Initial Review Order as stating plausible claims for relief will proceed.

### B. Smith's Motions

After Defendants filed their respective motions for summary judgment, Smith filed four motions of his own: (1) a Motion to Extend the Scheduling Order (Dkt. 70); (2) a Motion for Leave to file an Amended Complaint (Dkt. 71); (3) a Motion to Compel Discovery (Dkt. 76); and (4) a Motion to Stay the Case (Dkt. 78). The Court will briefly address each motion.

### 1. *Motion to Extend Scheduling Order (Dkt. 70)*

In this Motion, Smith asks the Court to extend the existing deadlines by an

additional 180 days so that he can finish discovery. In this case, the Court has already granted four extensions (Dkt. 40, 51, 53, 58) to the existing scheduling order. Smith has been afforded more than sufficient time to conduct discovery.

At this stage, all discovery is closed, and dispositive motions have been filed. The Court will not allow for any further extensions. Where numerous motions are ripe for consideration, additional extensions would only delay Smith's case further and/or alter the casework already conducted by both parties. Accordingly, Smith's Motion to extend the Scheduling Order is **DENIED**.

### 2. *Motion to File Amended Complaint (Dkt. 71)*

In this Motion, Smith seeks leave of the Court to amend his complaint in order specifically name certain defendants originally designated as "John Does."

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when—as in this case—a party files a motion to amend after the Court's case management deadline to amend has passed, district courts in the Ninth Circuit apply Federal Rule of Civil Procedure 16(b), followed by a Rule15(a) analysis. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), the movant must demonstrate good cause to amend. *Id.* at 609.

In the present case, all motions to amend or to join parties were due no later than April 9, 2018. *See* Dkt. 30 (original scheduling order); Dkt. 40 (order extending pretrial

deadlines); Dkt. 58 (order extending pretrial deadlines).[1] However, Smith did not file his Motion to Amend until October 31, 2018—more than six months after the applicable deadline. Accordingly, Smith's request for amendment is governed not by the liberal provisions of Federal Rule of Civil Procedure 15(a), but instead by the more restrictive provisions of Rule 16(b).

Here, Smith has not demonstrated good cause to amend, as required by Rule 16(b). Therefore, Smith's Motion to Amend is **DENIED**.

### 3. *Motion to Compel Discovery*

In this Motion, Smith asks the Court to issue an order requiring Defendants to produce numerous documents. As has already been noted, however, discovery in this case closed months ago—trying to compel discovery at this point is wholly inappropriate.

"The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); see also Fed. R. Civ. P. 16(b).

While there is no Federal Rule (or local rule) that sets a time limit on filing a motion to compel, courts within the Ninth Circuit routinely deny motions to compel filed after the close of discovery as untimely. *See e.g. Vanderbusch v. Chokatos*, No. 113CV01422LJOEPGPC, 2018 WL 3031488, at *4 (E.D. Cal. June 15, 2018) (finding

---

[1] It is not entirely clear if this final extension—entered by the prior judge in this case—was meant to extend all deadlines (including amendment/joinder) or not. For the sake of Smith's argument, the Court will assume it did extend all deadlines.

motion filed six weeks after the close of discovery untimely); *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CIV12399TUCCKJLAB, 2014 WL 11512607, at *1 (D. Ariz. July 22, 2014) (finding a motion filed three months after discovery closed was untimely); *Kizzee v. Walmart, Inc.,* 2011 WL 3566881, *1 (D. Ariz., August 15, 2011) (motion to compel discovery made more than three months after the discovery deadline denied as untimely); *Christmas v. MERS,* 2010 WL 2695662 (D. Nev., July 2, 2010) (motion to compel filed after the deadline for discovery and dispositive motions untimely).

Additionally, Ninth Circuit law empowers district courts to take an active role in ensuring that parties adhere to discovery deadlines. *See Gerawan Farming Inc. v. Rehrig Pac. Co.*, No. 1L11-CV-0123730LJO-BAM, 2013 WL 492103, *5 (E.D. Cal. February 8, 2013) ("[S]everal courts have . . . determined compliance with the discovery cutoff requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court [can] grant effective relief within the allotted discovery time."); *Goddard v. United States Dist. Court (In re Arizona)*, 528 F.3d 652, 657 (9th Cir. 2008) ("Federal Rule of Civil Procedure 16 vests the district court with early control over cases toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.") (internal citations and quotations omitted).

In this case, Smith filed his motion to compel nearly five months after discovery closed and all Defendants had moved for summary judgment. Thus, Smith's motion is untimely and must be **DENIED**.

### 4. *Motion to Stay Case*

In this final motion, Smith asks the Court to stay the case so that he can obtain

evidence and more adequately prepare his case.[2] As noted *ad nauseum*, all deadlines in this case have long since passed—deadlines that were extended by over 10 months—and numerous motions are ripe for the Court's consideration. Simply put, the Court finds no reason to stay the case. Smith had ample opportunity to prepare his case and has received multiple extensions thus far. Thus, the lack of adequate preparation at this point—almost two and half years into this case—rests solely on Smith's shoulders.

Furthermore, this motion brings Smith's pending motion count to four. Pursuant to the Court's Initial Review Order, "no party may have more than three pending motions before the Court at one time." Dkt. 14, at 19. Thus, the Court *could* strike this motion in its entirety for failure to comply with a prior order of the Court—but as noted, there are independent merit-based reasons for denying the motion (namely that discovery has closed and—more poignantly—that in light of the Court's ruling (discussed below), granting summary judgment, there is nothing to stay). Accordingly, Smith's Motion to Stay is DENIED.

### *C.* Defendants' Motions for Summary Judgment

In this case, the Court need not reach the merits of Defendants' collective arguments in favor of summary judgment, as procedural grounds exist for granting both Motions.

Defendants filed their respective motions on April 16 and October 5, 2018. On

---

[2] Importantly, Smith *does not* ask for an extension in order to respond to Defendants' Motions for Summary Judgment, but states that since he is unrepresented by counsel and untrained in the law he needs additional time to obtain and review evidence.

MEMORANDUM DECISION AND ORDER - 8

April 17, 2018, the Clerk of the Court sent Smith its standard Notice to pro se litigants

outlining what the Court required Smith to do.[3] The Notice explained what a motion for

summary judgment is, and how and when Smith needed to respond to the motion. The

Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion
> within 21 days (or such other time period set by the Court), the Court will
> consider the facts provided by the moving party as undisputed and **may
> grant the motion** based on the record before it, or it **may dismiss your
> entire case for failure to prosecute** (abandonment of your case). *See* Local
> Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 34, at 2 (emphasis in original). To date, Smith has not filed anything with the Court

in response to either motion for summary judgment.[4]

Idaho District Local Rule 7.1 outlines that:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-
> moving party fails to timely file any response documents required to be filed,
> such failure shall not be deemed a consent to the granting of said motion by
> the Court. However, if a party *fails to properly support an assertion of fact
> or fails to properly address another party's assertion of fact* as required by
> Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the
> Court nonetheless *may consider the uncontested material facts as undisputed
> for purposes of consideration of the motion, and the Court may grant*

---

[3] In *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir.1988), the Ninth Circuit held that prisoners (and others)
must receive fair notice of the requirements of Rule 56. In this Court—as in courts across the nation—this
notice is a standard form sent to all pro se litigants (including prisoners) explaining Rule 56 and what they
must do when a motion under Rule 56 has been filed.

While the Court did not send a second Notice to Smith after the second Motion for Summary Judgment
was filed, this is of little consequence to the Court. The purpose of the notice is to inform a pro se party
what they must do next. Smith was well aware in April what was required of him when Defendants
Robbins and Svancara moved for summary judgement and he chose to do nothing. Smith was likewise on
notice of his obligations in October when Defendants Brooks, Burns, Schuler, Martinez, Trana, and
Wright filed their motion. Again, Smith failed to respond.

[4] Smith could have asked the Court for an extension to respond, but he failed to do so. Although he asked
the Court for a stay around this time, it was in reference to discovery that had already closed, not the
Motions for Summary Judgment.

*summary judgment* if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

Idaho Dist. Loc. R. 7.1(e)(2) (emphasis added). Accordingly, pursuant to this Court's Notice to Smith, as well as Local Rule 7.1, Smith's failure to timely respond to Defendants' Motions for Summary Judgment is deemed acquiescence to the facts alleged in their motions, and the Court, therefore, **GRANTS** summary judgment in Defendants' favor.

## V. ORDER

1. Defendant Robbins and Svancara's Motion for Summary Judgment (Dkt. 56) is GRANTED.

2. Defendants Brooks, Burns, Martinez, Schuller, Trana, and Wright's Motion for Summary Judgment (Dkt. 60) is GRANTED.

3. Smith's Motion to Extend the Scheduling Order (Dkt. 70), Motion for Leave to file an Amended Complaint (Dkt. 71), Motion to Compel Discovery (Dkt. 76), and Motion to Stay the Case (Dkt. 78) are all DENIED consistent with the above analysis.

4. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: March 26, 2019

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10