UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHADLEN DEWAYNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>JAKOB BROOKS; C.O. BURNS; C.O. SCHULLER; CPL. TRANA; L. ROBBINS; LINDA SVANCARA; DAVID WRIGHT; and R. MARTINEZ,<br><br>Defendants. | Case No. 1:16-cv-00466-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Chadlen DeWayne Smith's Motion to Alter or Amend Judgment (Dkt. 82) and Motion for Appointment of Counsel (Dkt. 85). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons stated below, the Court DENIES Smith's motions.

## II. BACKGROUND

Smith is an inmate incarcerated by the Idaho Department of Correction. On October 17, 2016, Smith filed his Complaint, alleging various violations of 42 U.S.C. § 1983. Specifically, Smith alleges that Defendants Jakob Brooks, Ryan Burns, Mykel Schuller,

and Christopher Trana violated his Eighth Amendment rights by using excessive force to restrain him when he was returning to his cell on October 24, 2014. Smith also alleges that Defendants Lanessa Robbins and Linda Svancara, who are nurses, failed to adequately evaluate and treat the injuries he sustained from the alleged excessive force. Lastly, Smith alleges that Defendants David Wright and R. Martinez violated his First Amendment rights by opening, reading, and photocopying his legal mail outside his presence.

After an elongated discovery,[1] Robbins and Svancara filed a motion for summary judgment on April 16, 2018. Dkt. 56.). The following day, the Court entered its standard Notice to Pro Se Litigants of the Summary Judgment Rule Requirement and mailed a copy to Smith at his listed address. Dkt. 57. On October 5, 2018, the remaining defendants filed a motion for summary judgment as well. Dkt. 60. Smith never responded to these motions for summary judgment, but subsequently filed a motion to extend the scheduling order (Dkt. 70), a motion to file an amended complaint (Dkt. 71), a motion to compel discovery (Dkt. 76), and a motion to stay the case (Dkt. 78).

The Court ruled on both motions for summary judgment and all of Smith's motions in an omnibus order ("Order"). Dkt. 80. In its Order, the Court did not reach the substance of Defendants' respective motions for summary judgment, but granted them based on Smith's failure to respond, pursuant to Federal Rule of Civil Procedure 56, Local Rule 7.1, and the Court's Notice to Pro Se Litigants. *Id.* at 10. Smith then filed this current motion, seeking the Court's reconsideration of its Order.

---

[1] The Court granted four separate extensions in this case. Dkts. 40, 51, 53, and 58.

# III. LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J, Multnomah Cty, Or. V. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Generally, a Rule 59(e) motion may be granted if: (1) the motion is necessary to correct manifest errors of law or fact; (2) the motion is necessary to present newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Further, "[a] losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment." *Jenson v. Huerta*, 2018 WL 2011908, at *1 (D. Idaho April 30, 2018) (citing *ACandS, Inc.*, 5 F.3d at 1263). A district court "enjoys considerable discretion" in granting or denying a Rule 59(e) motion, "[b]ut amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotations omitted).

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J,* 5 F.3d at 1263. As with a Rule 59(e) motion, the Court should grant a Rule 60(b) motion "sparingly." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).

# V. ANALYSIS

## A. Motion to Reconsider

### 1. *Scheduling Order / Amended Complaint / Compel Discovery*

In regard to Smith's Motion to File an Amended Complaint, Motion to Compel Discovery, and Motion to Extend the Scheduling Order, the Court's Order relies primarily on Smith's untimeliness in filing these motions in denying them,[2] along with the fact that the Court had already extended deadlines in this case four times—totaling 297 days. *See* Dkt. 80, at 4–7. The Court calculated Smith's untimeliness using the dates given in the latest version of the scheduling order. *See* Dkt. 30 (original scheduling order); Dkt. 40 (order extending pretrial deadlines by sixty (60) days); Dkt. 53 (order extending pretrial deadlines by fifty-seven (57) days); Dkt. 58 (order extending pretrial deadlines by 180 days).[3]

In his instant motion, Smith fails to adequately redress the untimeliness the Court relied on previously in denying the three underlying motions. Instead, Smith merely reiterates the arguments he made in these underlying motions. For example, Smith states that he wants to file an amended complaint to substitute in actual defendants for the John Doe placeholders. Dkt. 82-1, at 3. Similarly, Smith believes the Court should compel discovery because he disagrees with the defendants' objections to his discovery requests.

---

[2] Smith filed both the Motion to File an Amended Complaint and Motion to Compel Discovery more than six months after the applicable deadlines.

[3] Smith attempted to remedy his tardiness through his Motion to Extend the Scheduling Order. Smith asked the Court to extend those deadlines yet another 180 days—which would not have even cured the untimeliness, just the severity of it.

*Id.* at 2. Smith addresses his untimeliness only once, and does so by briefly stating that the reason he filed for so many extensions was due to Defendants' multiple objections to his discovery requests, not due to his failure to pursue discovery. This argument does little to excuse his filing of the motion to compel and motion to amend over six months late.

Smith also fails to adequately address the elements of Rule 59(e) or Rule 60(b). Smith argues that he made a mistake when he failed to attach a declaration or affidavit to the underlying motions, and thus the Court can reconsider its decision. It appears that Smith believes that a litigant's mistake can allow a Court to review a prior order simply because the word "mistake" is included in Rule 60(b). *See* Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake . . . ."). The Court disagrees. The Court cannot reconsider its Order based on Smith's failure to include an affidavit or declaration—which the Court did not consider at all in its Order—simply because Rule 60(b) includes the word "mistake." To find otherwise would encourage litigants—both pro se and those represented—to make mistakes because those mistakes would then allow the litigant to move a court to reconsider an adverse decision. A litigant's mistake is not a safety net that will protect him from an unfavorable ruling.

As Smith has failed to explain his untimeliness and has not convinced the Court that either Rule 59(e) or Rule 60(b) apply, the Court will not reconsider his Motion to File an Amended Complaint, Motion to Compel Discovery, and Motion to Extend the Scheduling Order.

2. *Motion to Stay the Case*

In Smith's Motion to Stay the Case, he moved the Court to stay the case because he wanted to obtain further discovery. In its Order, the Court again cited to the numerous extensions the Court had granted, along with the tardiness of Smith's filings and found there was no reason to stay the case. Dkt. 80, at 8.

In the instant motion, Smith again reiterates the arguments found in his underlying motion to stay and fails to address any untimeliness issues. Smith states that he needs more time for discovery because he was surprised to learn that he was unable to receive material evidence from his family.[4] Smith argues, similar to his "mistake" argument, that because the word "surprise" is found in Rule 60(b)—and he was surprised at his family's response—the Court may reconsider its ruling. The Court disagrees with this argument for the same reason it disagreed with Smith's "mistake" argument; any hiccup in litigation would allow a litigant to move a court for reconsideration. This would cut against the policy of granting Rule 60(b) motions "sparingly." *Lal*, 610 F.3d at 524.

Additionally, Smith now claims—for the first time—that one of the reasons he filed his Motion to Stay was to allow him time to respond to Defendants' motions for summary judgment. Smith admits that he did not specifically mention summary judgment in his Motion to Stay, but nonetheless argues now that the Court should have guessed he was asking for more time to respond. Smith suggests that when he stated he does not have access to the internet or other adequate legal resources, the Court should have interpreted

---

[4] It appears Smith's family was in possession of certain documents Smith believes to be material to his case but would not share these documents with Smith.

these statements as a request for more time to respond to Defendants' motions for summary judgment.

The Court is under no duty to, and could not reasonably have, read between the lines of Smith's Motion to Stay to come to that conclusion. Smith stated that he wanted a stay to pursue more discovery, and that is what the Court ruled on. If Smith wanted more time to respond to Defendants' motions, he should have said so. *See Jenson*, 2018 WL 2011908 at *1 ("A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment."). Indeed, based on the language Smith used in his Motion to Stay, the Order specifically found that Smith was *not* asking the Court to stay the proceedings to allow him time to respond to the pending summary judgment motions. Dkt. 80, at 9 n. 4. Smith's argument that the Court should have somehow divined his unstated reasons for requesting a stay does little to convince the Court that it can now reconsider its Order under any of the factors enumerated in Rule 59(e) or Rule 60(b). Thus, the Court will not reconsider Smith's Motion to Stay.

3. *Motion for Summary Judgment*

As explained above, Smith did not file a response to either of Defendants' respective motions for summary judgment. The Court relied on its standard Notice to Pro Se Litigants of the Summary Judgment Rule Requirement ("Notice"),[5] sent to Smith on April 17, 2018,

---

[5] Pursuant to *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), when a dispositive motion is filed in a case, the Court sends a Notice to any pro se litigants involved in the case outlining what that litigant must do to respond to the motion and explaining the adverse consequences that may follow if that litigant fails to file a response, such as granting a motion for summary judgment or dismissing the entire case.

and Local Rule 7.1[6] in its decision to grant the defendants' motions for summary judgment. Specifically, the Court deemed Smith's failure to timely respond as acquiescence to the facts alleged in Defendants' motions for summary judgment. Dkt. 80, at 8–10.

The Ninth Circuit requires pro se prisoner litigants to receive a "fair notice of the requirements of Rule 56." *Rand v. Rowland,* 154 F.3d 952, 953 (9th Cir. 1998). This notice must be served concurrently with a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012).

In the Ninth Circuit, a court may look to its docket to determine if a prisoner received a *Rand* notice. *See Almy v. Davis*, 726 Fed. Appx. 553, 555 (9th Cir. 2018) (affirming the district court's finding that the plaintiff received the proper *Rand* notice because "[t]he record shows the district court issued the notice," and because the plaintiff received the underlying motion, which was filed on the same day); *Johnson v. Cox*, 2017 WL 2683897, at *2 (D. Nev. 2017) (citing the docket as proof that "[d]espite plaintiff's assertions to the contrary, he received notice regarding the requirements of . . . *Rand v. Rowland*"); *Rogers v. Giurbino*, 2013 WL 692961, at *14 (S.D. Cal. Feb. 26, 2013), rev'd on separate grounds, 625 F. App'x 779 (9th Cir. 2015) (citing fact that docket memorializes service via U.S. Mail Service).

Here, Smith claims he never received the Notice, but has not submitted any

---

[6] "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the Court nonetheless may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment if . . . the moving party is entitled to the granting of the motion." Idaho Dist. Loc. R. 7.1(e)(2).

MEMORANDUM DECISION AND ORDER – 8

admissible evidence to support this claim.[7] The Court's docket, however, reflects that the clerk of the court sent the Notice to Smith's then-current address on April 17, 2018. Dkt. 57. Based on the authority cited above, the Court concludes that the *Rand* notice requirement is satisfied in this case.

Outside of the *Rand* notice argument, Smith has not presented any arguments for reconsideration that the Court has not already analyzed. Because Smith's motions were untimely and because Smith has not shown that any of the Rule 59(e) or 60(b) factors warrant reconsideration, the Court will not reconsider its Order granting summary judgment.

B.  **Smith's Motion for Appointment of Counsel**

On October 30, 2019, Smith filed his Motion for Appointment of Counsel. Dkt. 85. The motion appears to be a standard from motion which Smith has simply filled in the blanks. Nonetheless, the motion argues that the issues in this case may be too complex for Smith to pursue.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In civil cases, counsel should be appointed only in "exceptional circumstances."

---

[7] As an exhibit, Smith filed what he claims to be an inmate concern form that shows a written conversation Smith had with a mailroom officer regarding the Notice. Dkt. 82-6, at 2. However, the Court did not consider this exhibit due to evidentiary concerns. The statements on Smith's exhibit are hearsay, and the mailroom officer did not provide an affidavit attesting to her comments on the inmate concern form. *See* Fed. R. Ev. 801–802 (defining and excluding hearsay).

MEMORANDUM DECISION AND ORDER – 9

*Id*. To determine whether exceptional circumstances exist, the Court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Even if the Court finds that exceptional circumstances exist, it does not have the authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, the Court can merely "request" that an attorney represent the individual, and the attorney must then voluntarily accept the assignment. *Id*. The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it can be difficult to find attorneys willing to work on a case without payment.

Here, Smith does not enjoy a likelihood of success on the merits and the legal issues are not overly complex. As the Court has already stated, Smith has very little chance of success in this case. Procedurally, this case is already closed, and judgment has been granted in favor of defendants. Substantively, the Court has found no reason to reconsider its Order. Further, the Court has already concluded that "the legal issues in this matter are not complex," (Dkt. 14, at 13), and Smith has not provided any new facts or argument that have persuaded the Court otherwise. As such, the Court will not appoint counsel for Smith.

## V. CONCLUSION

Smith moved the Court to reconsider numerous motions. However, Smith failed both to excuse his stark untimeliness and to provide any admissible evidence or argument that would warrant reconsideration of his motions. Additionally, the facts and

circumstances of this case do not justify the appointment of counsel, especially considering the procedural posture of this case.

## VI. ORDER

IT IS HEREBY ORDERED THAT:

1. Smith's Motion to Alter or Amend Judgment (Dkt. 82) is DENIED.

2. Smith's Motion for Appointment of Counsel (Dkt. 85) is DENIED.

DATED: March 23, 2020

David C. Nye
Chief U.S. District Court Judge